**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 1:16-CR-57-HAB |
| ) | |
| MARIANNE MATCHETTE ) | |

## OPINION AND ORDER

On May 7, 2020 Defendant Marianne Matchette ("the Defendant") filed a letter/request for compassionate release and sought the appointment of counsel for the purpose of pursuing her request ("the Motion"). (ECF No. 76). Pursuant to this Court's General Order 2020-11, the Court referred the letter to the Northern District of Indiana Federal Community Defenders, Inc. ("FCD") for it to consider representing the defendant with respect to her motion. (ECF No. 78). On May 28, 2020, the FCD filed its Notice of Non-Representation. (ECF No. 80). The Government filed its response to the Motion on June 10, 2020. For the following reasons, the Defendant's Motion will be DENIED.

## PROCEDURAL BACKGROUND

On March 25, 2019, Matchette was sentenced to 27 months imprisonment on Count 7 to run consecutive to 2 years imprisonment on Count 9. (ECF No. 75) She was ordered to repay restitution in the total sum of over $120,000.00 to multiple victims of her offense. Matchette's sentence resulted from her plea of guilty to mail fraud (Count 7) and Aggravated Identity Theft (Count 9). (ECF Nos. 75, 17, 21, 22). She is currently incarcerated at the Bureau of Prisons facility, the FMC Lexington, in Lexington, Kentucky.

## **DISCUSSION**

The Defendant's Motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

(i) extraordinary and compelling reasons warrant such a reduction …

… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission. *See* 28 U.S.C. § 994(t). The Commission's policy statement provides:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1) (A) extraordinary and compelling reasons warrant the reduction ...
(2)     the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
(3)     the reduction is consistent with this policy statement.

2

U.S.S.G. § 1B1.13. The commentary to the policy statement provides that extraordinary and compelling reasons exist under these circumstances:

> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or
> > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Unfortunately for the Defendant, her Motion provides no information from which the Court can determine whether she meets the requirements for compassionate release. The Defendant does

not indicate whether she has exhausted her administrative remedies through the BOP nor does she provide any reasons at all for her request, let alone extraordinary or compelling ones. To the extent, the Court infers from the timing of her filing that she is concerned about the COVID-19 pandemic, "[t]he mere presence of COVID-19 in a particular prison cannot justify compassionate release— if it could, every inmate in that prison could obtain release." *See, United States v. Melgarejo*, No. 12-cr-20050, ECF Doc. 41 at p. 5 (C.D. Ill. May 12, 2020). Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that h[er] particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and h[er] health condition places h[er] at significant risk of complications should [s]he contract the virus." *Id.* at 5–6. *See also United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Accordingly, because this Court does not find extraordinary and compelling circumstances exist for the Defendant's release, her Motion must be DENIED.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion (ECF No. 76) is DENIED.

So ordered on June 17, 2020.

                                                s/ *Holly A. Brady*
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT